[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] FINDINGS AND ORDERS RE DISSOLUTION
Plaintiff has been a resident of the State of Connecticut for more than one year before the bringing of this action. The court has jurisdiction. The essential allegations of the complaint have been proven.
1. Judgment shall enter dissolving the marriage of the parties on the grounds of irretrievable breakdown.
2. The parties shall share joint custody of their daughter, Coral, born December 10, 2000; primary residence will be with the
3. The defendant, Mark Anthony, shall have visitation.
4. Credibility on the part of defendant is sorely lacking.
5. Determination of defendant's income has been problematic. There is credible evidence that his income is at least equal to that of the plaintiff. Her net weekly income is $812. The court, for purposes of child support, uses the same net weekly income for defendant, i.e., $812.
6. Defendant shall pay plaintiff $144 per week child support.
7. Plaintiff shall maintain and provide medical and dental insurance for the minor, Coral, as is available through her employment.
8. Unreimbursed medical and dental expenses incurred for Coral which exceed $250 per year shall be paid by the parties equally.
9. Defendant shall be responsible for child, care contribution in accordance with the Child Support Guidelines.
10. Defendant shall maintain unencumbered and keep current life insurance for the benefit of Coral in the amount of at least $100,000 until Coral reaches majority. CT Page 11832
11. The court finds the defendant's attitude and conduct is largely responsible for the breakdown of the marriage.
12. Defendant shall transfer to the plaintiff by quitclaim deed all his right, title, and interest in the property known as 28 River Avenue, Old Saybrook, Connecticut. Plaintiff shall indemnify and save harmless defendant for all mortgage and tax indebtedness on the property.
13. Plaintiff shall pay defendant $20,000 within one year of the date of this judgment. If plaintiff does not pay the full $20,000 within one year, the unpaid principal amount thereof shall bear interest at the rate of six percent per year from the date of this judgment.
14. Neither party shall pay or receive alimony.
15. Each party shall be solely responsible for the debts shown on his/her financial affidavit.
16. Defendant shall have visitation with Coral three Sundays per month from 1:00 p.m. to 8:00 p.m. and every Wednesday from 5:00 p.m. to 8:00 p.m. This provision regarding visitation is entered without prejudice because the parties have endeavored to agree on a greater amount of visitation. If they cannot come to such an agreement within two weeks, defendant may move to modify provided such motion to modify is tiled within three weeks from the date of this judgment.
17. Plaintiff and defendant shall share equally the amounts held in the Liberty Bank joint checking account and the People's Bank joint savings account. [According to plaintiff's financial affidavit the amount of these accounts as of trial were $200 (estimated) and $5,500.]
18. Plaintiff shall retain full ownership of the pension, retirement, 401k and IRA accounts shown on her financial affidavit dated June 26, 2002.
19. Counsel shall prepare the judgment file.
 ___________________ Parker, J.
CT Page 11833